IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>CHRISTOPHER ROBINETTE,<br><br>    Defendant.<br>_____/ | 1:13-cr-0003-AWI<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C §2255 SHOULD NOT BE DISMISSED AS UNTIMELY**<br><br>(Doc. 71) |

## I. Introduction

This matter arises from the criminal conviction of Defendant Christopher Robinette. Defendant brings the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant pled guilty to eight counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e), and one count of transportation of a minor with intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a). *See* Docs. 51, 52. Defendant was sentenced on August 25, 2014, and judgment was entered four days later. Docs. 65, 67. Defendant presents six grounds for relief: four different theories of ineffective assistance of counsel (grounds one, two, three, and six), a theory suggesting the prosecutorial misconduct (ground four), and a theory claiming a Fourth Amendment violation (ground five). For the

1

following reasons, Defendant will be ordered to show cause why his motion to vacate should not be dismissed as untimely.

## II. Legal Standard

Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; or 4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The court must "construe pro se habeas filing liberally." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).

Under Rule 4(b) of the Rules Governing Section 2255 proceedings, the court must initially screen a Section 2255 motion, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. *See United States v. Quan*, 789 F.2d 711, 715 (9th Cir.1986). "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." 28 U.S.C. § 2255 Proc. R. 4(b). The court shall serve notice of the motion upon the U.S. Attorney and grant a hearing on the motion unless the motion and the record of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

"The facts in a habeas petition need not be so detailed as to establish prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996). A defendant "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Id*.

## III. Discussion

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations to file a petition to vacate, set aside, or correct a sentence. This period

runs from: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of [federal law] is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

In order to determine if the petition is timely, the court must first determine which of the possible starting times for the running of the statute of limitations applies. In this case, Defendant alleges no government-created impediment to bringing a Section 2255, therefore no discussion is necessary as to the second of the possible starting points. The third starting point specified by Section 2255 is not applicable because Defendant does not assert a newly recognized right that has been made retroactive to cases on collateral review. Likewise, there is no claim of facts supporting the 2255 Motion that could not have been discovered through due diligence, therefore the fourth of the possible starting or triggering events does not apply.

The Court, having excluded all other possible starting points, concludes the first of the possible starting points for the running of the statute of limitations applies. Thus, the one-year statute of limitations on Defendant's right to file a motion for habeas review pursuant to Section 2255 began to run on the date that the judgement became final. Where, as here, there was no appeal, the judgment is final the day following the last day on which notice of appeal to the Ninth Circuit could have been filed. *See United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) ("A judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence.") In a criminal case, a notice of appeal must be filed within 10 court days of the district court's entry of judgment. See Fed. R. App. P. 4(b)(1)(A) and Fed. R. App. P. 26(a).

Judgement against Defendant was entered on August 29, 2014. Therefore Defendant's judgment became final at the latest on September 9, 2014, and the one-year statute of limitations imposed by Section 2255 began to run on that date absent some fact justifying a different starting date. Plaintiff did not file his Section 2255 Motion until January 29, 2018.[1] Simply put, Petitioner's 2255 motion was roughly two and a half years after the one-year statute of limitations had run.

However, even if the 1-year limitations period has run, a petitioner may be entitled to "equitable tolling." *United States v. Buckles*, 647 F.3d 833, 887 (9th Cir. 2011). "A § 2255 movant is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* Defendant alleges no extraordinary circumstance that stood in his way and prevented a timely filing. All of the alleged prosecutorial misconduct took place prior to Defendant's conviction; it posed no impediment to seeking timely relief. Even assuming that defense counsel failed to file a notice of appeal or misadvised Defendant regarding his right to seek collateral relief, a delay caused by attorney misadvice does not constitute an "extraordinary circumstance" triggering equitable tolling. *See Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that extraordinary circumstances do not include a lawyer's miscalculation of a limitation period); *Bawaneh v. United States*, 2011 WL 1465775, at *5 (C.D. Cal. Apr. 18, 2011). Further, there is no indication that Defendant was diligent in filing this motion. He details no efforts to timely comply with the one-year filing requirement imposed by AEDPA. It appears that Defendant's Section 2255 motion should be dismissed as untimely.

Although § 2255(f)'s one-year limitations period may be raised *sua sponte*, the court should give the movant notice and an opportunity to respond before dismissing the case. *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012*); Herbst v. Cook*, 260 F.3d 1039, 1043-44

---

[1] Although the docket entry indicates that Defendant's motion was not filed until February 12, 2018, the Court gives prisoners the benefit of the mailbox rule. The Court assumes that the date listed on the certificate of service is the date the Defendant gave his motion to prison staff for mailing.

4

(9th Cir. 2001). Accordingly, Defendant will be ordered to show cause why his motion should not be dismissed as untimely. In order to satisfy this Order, Defendant should remedy the deficiencies identified above.

### IV. Order

Based on the foregoing, Defendant is hereby ORDERED TO SHOW CAUSE within 30 days of the date of this order why his Section 2255 Motion should not be dismissed as untimely. Failure to comply with this Order will result in Defendant's motion being dismissed as untimely.

IT IS SO ORDERED.

Dated:   February 28, 2018

_____
SENIOR DISTRICT JUDGE